LASC, Northwest District  
Case No.: 08B05684

**JS-6**   O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1092 AHM (AGRx) | Date | February 18, 2009 |
|---|---|---|---|
| Title | LASALLE BANK NATIONAL ASSOCIATION v. BENITO OMANA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On September 17, 2008, Plaintiff filed this unlawful detainer action in state court. On February 13, 2009, Defendant, acting *in propria persona*, filed a Notice of Removal in this Court.  Defendant states that this Court has jurisdiction because "Defendant's complaint [*sic*] arises under the Real Estate Settlement and Procedures Act. . .; the Federal Fair Debt Collection Practices Act. . .; and the Racketeer Influenced and Corrupt Organizations Act. . . ."  Notice of Removal ¶ 3.

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  Jurisdiction must be determined from the face of the complaint.  *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).  A federal court has jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2008).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute -- here, Defendant.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Jurisdiction is assessed as of the time of removal.  *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D.Cal. 2001).

//  
//  
//  
//

**JS-6**   O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1092 AHM (AGRx) | Date | February 18, 2009 |
|---|---|---|---|
| Title | LASALLE BANK NATIONAL ASSOCIATION v. BENITO OMANA | | |

In this case, the action for unlawful detainer clearly does not present a federal question. The actual Complaint does not state any claim under the federal statutes Defendant cites. The Court therefore ORDERS, *sua sponte*, that this action is **remanded** to the Superior Court of California in the County of Los Angeles for lack of jurisdiction.

:

Initials of Preparer     se